IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK LOUIS KATZIN,<br><br>                     Petitioner,<br><br>     v.<br><br>BUREAU OF PRISONS and JOHN NASH, Warden,<br><br>                     Respondents. | Civil Action No. 05-212 (JBS)<br><br>**O P I N I O N** |

**APPEARANCES:**

| | |
|---|---|
| Mark Louis Katzin, <u>Pro Se</u><br>#54467-066<br>Federal Correctional Institution<br>P.O. Box 2000<br>Fort Dix, NJ 08640 | J. Andrew Ruymann<br>Asst. U.S. Attorney<br>Office of the U.S. Attorney<br>402 East State Street<br>Trenton, NJ 08608<br>Attorney for Respondent |

**SIMANDLE**, District Judge

   On January 13, 2005, Petitioner, confined at the Federal Correctional Institution, Fort Dix, New Jersey, submitted for filing to the Clerk of this Court a "Motion for Preliminary Injunction." As Petitioner wrote a handwritten note on the Motion that he was mailing the $5.00 filing fee for a habeas corpus petition, the Clerk construed the motion as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On April 15, 2005, Respondents filed a Motion to Dismiss in response to the Petition. The Court has reviewed all documents submitted. For the following reasons, the Court will dismiss the petition

under § 2241 for lack of jurisdiction, without prejudice to Petitioner's right to file a separate civil complaint if he chooses to do so.

## BACKGROUND

Petitioner is currently serving a 240-month sentence, following a conviction in the United States District Court, Eastern District of Pennsylvania for use of a communication facility in furtherance of a drug trafficking offense, and conspiracy to distribute methamphetamine. Petitioner's projected release date, assuming good conduct time, is January 6, 2019.

The record submitted by Respondents reveals that Petitioner was transferred to the Fort Dix facility on or about February 2, 2004. On February 5, 2004, the warden of the facility approved a special investigative agent's recommendation to place a telephone restriction on Petitioner, due to the nature of his conviction. Thus, Petitioner was given the public safety factor ("PSF") of "serious phone abuse." As a result, Petitioner was limited to one social call per week.

Petitioner attempted to appeal the decision of the warden through the Bureau of Prison's ("BOP") administrative remedy program. His requests were not adjudicated on the merits because he apparently repeatedly submitted them in improper form.

In the instant petition, Petitioner asks the Court to issue a restraining order and/or injunction to order Respondents to

show cause as to why the PSF should not be removed, and his phone privileges restored.

## DISCUSSION

**A.      Standard of Review**

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.      The Petition Will Be Dismissed for Lack of Jurisdiction**.

The record provided by Respondents demonstrates that the only complaint by Petitioner is the loss of his telephone privileges due to the nature of his conviction.  Because "no matter what the outcome of [Petitioner's] habeas petition, neither the fact nor the length of his incarceration will be

3

affected," habeas relief is unavailable to Petitioner.  See Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002)(unpubl.).

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas"– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  For example, in Bronson, Petitioner brought habeas petitions to challenge the constitutionality of administrative decisions which placed him in a prison restricted housing unit.  See Bronson, 56 Fed. Appx. at 552.  The court of appeals rejected Petitioner's argument that he may challenge the conditions of confinement in a habeas petition, since no matter what the outcome of the habeas petition, the fact or length of Petitioner's incarceration would not be affected.  See id. at 554.

Also, in Jamieson v. Robinson, the Court of Appeals for the Third Circuit noted that the relief requested by Petitioner "would not serve to diminish the length of his incarceration," but rather sought "only to alter the conditions of his confinement."  641 F.2d 138, 141 (3d Cir. 1981).  The court of

4

appeals followed United States Supreme Court precedent in <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99 (1973), to note that the district court was incorrect in finding that Petitioner's claims challenging the availability of work release programs in prison sounded in habeas.  <u>See</u> <u>Jamieson</u>, 641 F.2d at 141.  The court of appeals found that despite this error, Petitioner's claims were subject to dismissal.  <u>See</u> <u>id.</u>

Likewise, in <u>Sinde v. Gerlinski</u>, the district court found that claims concerning the number of telephone calls a prisoner is permitted to make relate to the conditions of prison life, and should be raised by a civil rights action, not in a habeas petition.  <u>See</u> 252 F. Supp.2d 144, 148 (M.D. Pa. 2003)(citing <u>Leamer</u>, 288 F.3d at 541).

In the instant habeas petition, because Petitioner's claims concern conditions of prison life, not the fact or duration of his incarceration, they may be brought only in an action under the Declaratory Judgments Act,  28 U.S.C. §§ 2201-2202, in a civil case, not in a habeas petition.  As the petition was originally construed as one asserting habeas relief, the Court will grant Petitioner 30 days leave, from the date of entry of the order accompanying this opinion, to inform the Court if he wishes to proceed with his case as a civil action under the Declaratory Judgments Act.  If Petitioner wishes to proceed as such, he would be subject to the $150 filing fee or may apply to

5

proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Petitioner's action would also be subject to sua sponte screening under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b).[1]

## **CONCLUSION**

Based upon the foregoing, Respondents' Motion to Dismiss will be granted.  Petitioner will be granted leave to convert this action to a civil action if he so requests within the next Thirty (30) days.  An appropriate Order accompanies this Opinion.


                                    s/ Jerome B. Simandle
                                      JEROME B. SIMANDLE
                                  United States District Judge

Dated:    July 21, 2005

---

[1] The Court notes that from the facts alleged by Petitioner, it appears that a claim that his telephone restriction is unconstitutional would be doubtful upon the present facts.  Inmates have a right protected under the First Amendment to communicate with their family and friends, including reasonable access to the telephone. See Owens-El v. Robinson, 442 F. Supp. 1368, 1386 (W.D. Pa. 1978), aff'd in part and vacated in part on other grounds sub nom., Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979).  Nonetheless, inmates' rights to communicate, even with legal counsel, are not unlimited.  Prison officials can limit communications, particularly telephone communications, to ensure, safety, security, and the orderly operation of their institution. See Griffin-El v. MCI Telecommunications Corp., 835 F. Supp. 1114, 1122-23 (E.D. Mo. 1993), aff'd, 43 F.3d 1476 (8th Cir. 1994).  The Court makes no determination on the merits, at this time, of any eventual First Amendment claim.